———o———

5242.

(Court of Appeal, Parish of Orleans).

## MRS. MARY C. TAGGERT vs. JAMES M. CONNER.

The holders of concurrent mortgage notes share ratably in the proceeds of the sale of the mortgaged property made in execution of one of the notes.

Appeal from the Civil District Court, Division "C."

Dinkelspiel, Hart & Davey, for plaintiff and appellee.

L. L. Labatt, for defendant and appellant.

DUFOUR, J.—This cause comes to us with the follow-

ing reasons for judgment:

"This is a case wherein Robert J. Maloney, late notary issued duplicate notes of $1,000 each, both drawn by Conners and both paraphed by Maloney, to identify them with one act of mortgage on the same property.

"This is a foreclosure by plaintiff, and Mrs. Baetzar intervenes to set aside the order and claiming preference. The plaintiff and the intervenor are each the holder and owner in good faith and before maturity of one of the promissory notes. The intervenor claims preference on the ground that she instituted foreclosure proceedings some time prior to the filing of plaintiff's petition and the signing of the order thereon. It appears that Mrs. Baetzar had likewise obtained a writ of seizure and sale, which had progressed so far, that under it an adjudication was made by the sheriff on the same date of the filing of plaintiff's petition and order and about one hour before the crying. Mr. Ricker testifies that he knew of this filing but continued the sale of the property until it resulted in an adjudication to Mrs. Baetzar.

"No further steps were taken by the sheriff, though it appears that Mrs. Baetzar took possession of the property and has been collecting the rent.

"Mrs. Baetzar claims preference.

"1. Because Mrs. Taggert did not enjoin her proceedings, or use due diligence to protect her interest.

"2. Because the adjudication was complete in itself and transferred the title without further formality.

"The Court does not find the plaintiff was guilty of any laches such as would estop her. Nor does the

evidence show that she was under the necessity of suing out an injunction. The mortgage contained the pact 'de non aliendo,' and she was justified in believing that her rights were protected thereby. It is entirely possible that the adjudication transferred the title; but it will be noted that the price has not been paid, nor any proceeding to fix the right of the purchaser to retain the price.

"This makes the adjudication inchoate and imperfect. It was for $1,225.

"I find no jurisprudence applicable to the facts in this case. Both the litigants are in good faith, both acquired the notes after maturity."

"The notes are both valid, both secured by the same mortgage, on the same property, which was adjudicated for $1,255.

"It appears, therefore, that the only action the court can take is to apply Article 21 of the Civil Code and divide the amount between the parties, after deducting costs, etc., etc.

"Judgment accordingly."

The prayer of the intervention is that the intervenor be declared to be the owner of the property, and the only allegations are that she was the adjudicatee at the sheriff's sale under her writ and that Mrs. Taggert stood back and allowed the sale to be made without objection.

No attack was made on the validity of Mrs. Taggert's note; it is therefore, a valid concurrent mortgage note, and she was under no obligation, in fact was without right, to arrest the sale under the first writ. She foreclosed and the sheriff received her writ before the sale; she may properly look to the proceeds for her proportionate distributive share.

It is quite true that under ordinary circumstances the

adjudication and process verbal are equivalent to a deed, but the sheriff cannot be made to execute the deed until the purchaser has paid the price.

In this instance no cash, except for costs was paid to the sheriff on the theory that intervenor's note was the only claim and hence represented the cash, but, where it subsequently appeared that there was a concurrent mortgage for the same amount, it became the duty of the purchaser to deposit an amount sufficient to satisfy the pro rata claim of the concurrent mortgage.

Until she has made such cash payment her claim to be recognized as owner cannot be favorably considered, and we understand the judgment to mean that her ownership will be recognized upon her complying with that condition.

The judgment saves costs of another sale; divides the fund equitably and does not do violence to the pleadings.

Judgment affirmed.

March 20, 1911.

————o————

5160.

(Court of Appeal, Parish of Orleans).